The opinion of the Court was delivered by
Whitner, J.
The appellant complains that secondary evidence of the contents of an original deed was admitted upon insufficient proof of its loss. This, as is well known, was a preliminary question for the Court, and to be resolved in such way as shall best promote the ends of justice, and guard against fraud and imposition.
There are certain general propositions bearing on the question sufficiently familiar to the profession, and to be found collected by most of the text writers on evidence. Their proper application will so much depend on the peculiar circumstances of each case, that but little instruc *76 tion would be derived from any attempt to embody them in an opinion. A Court of review can do little else than see to it, that these rules have been observed.-
For instance, the law demands in this, as upon other questions, the best evidence to be offered of which the nature of the case admits, and which it is in the power of the party to produce. In the case of Deumas vs. Powell, 3 Dev. 104, ‘it was held that though not bound to furnish the strongest possible assurance of the fact, yet the party should give all the evidence reasonably in his power. In the case United States vs. Doebler, 1 Bald. 519, it was held, that if by reasonable diligence the original could have been produced, secondary evidence is not admissible. Gxeenleaf, sec. 558, has the rule, that, in. gneral, the party is expected to show he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the-nature of the case would naturally suggest, and which were accessible, to him. The specific objections were mainly rested in thA argument of this branch of the case, on the want of a diligent search for the paper, and proof, that it was, in fact, genuine. But we are of opinion the evidence satisfies what the law requires on the preliminary question made to the Court. If any doubt has been entertained upon - the proof then before the judge, that doubt must be entirely removed by the sequel in the testimony clearly corroborated by the verdict of the jury.
This was á case in which there wa,s no conceivable motive for the suppression of the original deed by the party desiring to set it up, and not the slightest pretence of any default on his part, as the whole case clearly shows. The witness, Seaborn Berry, having removed from the country long since, proved that he had not taken the paper with him, that he had in his possession very few papers of any description, and he could say, positively, this paper was not amongst them. That he had left it in the hands of the defendant, or *77 with tbe attorney of one wbo it seems was engaged in litigation, wbexein, for tbe protection of bis interests then in controversy, it was necessary to set up this paper. Tbe defendant, on notice, denied that it was now or ever bad been in bis possession, though, in fact, it bad been left with bis counsel, and was not now in their possession. It is true, one of tbe counsel believed, that after the trial in that case, be bad delivered it to tbe same witness, Berry; yet it will be seen, tbe fact was not asserted, nor was it certainly ascertained — under tbe circumstances, where should a further search have been made, and what could it have disclosed beyond what was ascertained with reasonable certainty, that tbe paper was not then in tbe possession of either of tbe former custodians. In reference to tbe genuineness of tbe paper, in such a case as tbe present, there is much reason for tbe relaxation of tbe ordinary rules applying to tbe proof of execution. Many years bad elapsed — tbe subscribing witnesses were all dead, tbe paper bad been formally delivered in tbe presence of tbe party alleged to have made it, without objection on bis part, and against whom it bad been doubtless used as a genuine paper.. But as has been already intimated, this preliminary evidence was greatly corroborated by subsequent proof, that instructions bad been given by tbe party for its preparation, that it bad been accordingly prepared, and after execution, bad been deposited more than thirty years ago for safe-keeping and delivery; and that tbe delivery was, in fact, made in tbe presence of other witnesses called to tbe fact, and of tbe party himself without objection.
Tbe second ground of appeal complains that tbe witness was permitted to read an alleged copy made by another person, in order to refresh bis memory.
We do not understand that such a question was raised on tbe circuit, or rather so presented as to render necessary any judgment of tbe circuit Judge. As a fact, we are *78 informed by the report, that “ after glancing at the paper, at any rate, not reading it carefully or entirely, the witness undertook to give the contents of the original deed from memory.” It was alleged in argument, and seemed to be conceded on the other side, that though the paper was before the witness in the manner reported, yet as soon as objection was made, the paper was withdrawn; and on his cross-examination it was, that he was required to read, &c. The authorities, cited by counsel, fully sustain most of the general propositions insisted on in argument. It must be observed, that in this instance, as strangely as it may strike any one, the witness professed to speak from memory as to a fact, derived in a particular way, the reading of the original deed in his presence. It cannot be that the paper in question was so read by the witness, an illiterate man, as to refresh his memory when on the stand, or in any way lead him to the answer indicated. In declining to entertain this ground, therefore, we might rest upon the attendant facts. But the rule is very clearly laid down in Greenleaf, sec. 436, and 1 Philips, 289, n., that though a witness can testify only to such facts as are within his own knowledge and recollection ; yet he is permitted to refresh and assist his memory, by the use of a written instrument, memorandum, or entry in a book; and it does not seem to be necessary that the writing should have been made by the witness himself, nor that it should be an original writing, provided, after inspecting it, he can speak to the facts from his own recollection. The adjudged cases are so fully collected by these writers, and in the notes appended, as to render unnecessary a further reference. The certified copy, it may be remarked, was neither offered nor admitted in evidence, because it was not such a paper as was required by law to be registered in that office.
In reference to the third ground of appeal, it has been already intimated that the testimony of the witness, according *79 to bis own affirmation, was altogether remarkable. It involves a question peculiarly for the jury, and finding, as we do so much to corroborate the fact disclosed by this witness, derived from other sources, that we could in no way justify ourselves, in sending the case back upon this point. The contents were referred to by other witnesses, though in more general terms. It was a paper that had seen the light in that very community where this investigation has been had, and had been in the hands of very intelligent persons, who doubtless could and would hav.e been called if there was reason to apprehend that this was a device and fabrication. There" is still less on which to rest the fourth ground of appeal. The amount fixed upon by the jury, was well authorized by the testimony. Though it has fallen upon this defendant, under adverse circumstances, if it be true, as was shown, that with his eyes open as to the hazard he encountered, he chose to rely that a day of reckoning was not likely to come, he may be regarded as a proper subject for a full measure.
The motion for a new trial is dismissed.
O’NeALL, WARDLAW, WITHERS, GrLOYER and Munro, JJ., concurred.

Motion dismissed.